IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARLA MARIE SHEFFIELD,     § | | |
|    TDCJ-CID #1443903,     § | | |
| v.     § | | C.A. NO. C-08-154 |
| § | | |
| STANLEY A. TURPEN.     § | | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that the Court dismiss this action for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Lane Murray Unit in Gatesville, Texas.  She filed this action on April 15, 2008, against one of her court-appointed criminal defense attorneys, Stanley A. Turpen, alleging that Mr. Turpen violated her constitutional rights by not arranging for her to be transferred out of the Sinton Jail following an alleged assault.  A Spears[1] hearing was conducted on May 27, 2008.  The following allegations were made in plaintiff's original complaint, or at the hearing.

During her criminal trial, plaintiff was incarcerated at the Sinton Jail in San Patricio County.  Mr. Turpen was appointed as her criminal defense attorney.  On

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

May 3, 2007, she was found guilty and sentenced to time in the TDCJ-CID. Following the pronouncement of her sentence, Mr. Turpen turned to her and stated that, if the State still gave lobotomies, she should get one. He then started laughing and told the Sheriff to take plaintiff away to jail.

Once at the jail, plaintiff was placed in a cell with other women. Shortly thereafter, three deputy sheriffs, Sergeant Frank LNU, Officer Chris LNU, and Officer John Doe, came and took plaintiff to a cell in the back of the jailhouse. They then groped her and threatened that they were going to sexually assault her. They then left to go get a broom.[2] Plaintiff was so frightened that she broke her eyeglasses and began stabbing herself with the metal frame, attempting to hit a vein and bleed to death rather than suffer the assault. When the officers returned, they found plaintiff covered in blood from the wounds she had made in her arms. Plaintiff then passed out.

Following a trip to the North Bay Hospital emergency room, plaintiff was returned to the jail that same day and was placed in solitary confinement. She passed out for about a week. However, during that time, according to two other inmates, she was chained by her ankles and arms to a chair, clothed only in her underwear, in front of the entire jail population.

---

[2] Plaintiff has sued the officers in another lawsuit, Civil Action No. C-08-155.

Plaintiff gained consciousness a week later, and noticed that she had lost between ten to fifteen pounds. She was then placed in a cell with very bright lights, where she did not sleep for at least a month. No one talked to her, and she did not receive any soap, toothbrush, toothpaste, or a shower for a month. One time she was sprayed with pepper spray. She begged to be let out, but was not. She got a Staph infection on her upper left lip, but was not seen by medical staff until the end of the month.

Following the first month in solitary confinement, Mr. Turpen came to visit plaintiff at the jail. She told him everything that had happened, and begged for help. When she showed him her wrist with the healing cuts, he "just made a noise." She asked him to please send her somewhere else, but he told her he could not. He told her to try to not make trouble. He then walked up to Sergeant Frank LNU, said something, and both men laughed. Plaintiff thought she was going to die. She finally fired Mr. Turpen as her attorney.

Plaintiff claims that she asked Mr. Turpen for help concerning the alleged sexual assault and to be transferred from the Sinton Jail, but that he refused to do so. She claims this amounts to a violation of her civil rights, and she seeks damages in the "maximum amount."

### III.  DISCUSSION

**A.	Legal Standard For A Civil Rights Action Pursuant To Section 1983.**

The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (per curiam) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  Indeed, a prisoner's action may be dismissed for failure to state a claim upon which relief can be granted even if the inmate has not exhausted all administrative remedies.  42 U.S.C. § 1997e(c)(2).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Oliver, 276 F.3d at 740.

**B.	Plaintiff's Court-Appointed Attorney Is Not A State Actor.**

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two elements: (1) that the conduct complained of was committed by a state actor under color of state law, and (2) that the conduct deprived the plaintiff of rights secured

by the Constitution or laws of the United States. See Hernandez v. Maxwell, 905 F.2d 94, 95 (5th Cir. 1990) (citation omitted). Plaintiff is suing her criminal defense counsel, arguing that she asked Mr. Turpen for help in dealing with the situation at the Sinton Jail, but that he refused. However, it is well settled that criminal defense attorneys, even court-appointed ones, are not state actors for purposes of suit pursuant to 42 U.S.C. § 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); McCoy v. Gordon, 709 F.2d 1060, 1062 (5th Cir. 1983) (per curiam).

Because plaintiff's allegations against Mr. Turpen contain no state action, her § 1983 claim against him fails to state a claim upon which relief can be granted as a matter of law. See Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988) (affirming dismissal of § 1983 claim against court-appointed criminal attorney for failure to state a claim). Moreover, the claim is frivolous. Vera v. Board of Judges of Judicial Dist. of Nueces County, 260 Fed. Appx. 664, 666 (5th Cir. 2007) (per curiam) (unpublished). Accordingly, it is respectfully recommended that plaintiff's § 1983 claims against Mr. Turpen be dismissed for failure to state a claim and as frivolous.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's § 1983 claims against Mr. Turpen be dismissed for failure to state a claim and as frivolous.  See 28 U.S.C. § § 1915(e)(2)(B)(i) and 1915A.

It is further respectfully recommended that, should the Court adopt this recommendation, the dismissal be characterized as one described by 28 U.S.C. § 1915(g), and that the Clerk be directed to provide a copy of the order of dismissal to: **District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

Respectfully submitted this 3rd day of June 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).